This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                              **No. 33,719**

**ANDRES VALDEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Andres Valdez (Defendant) appeals from the district court's judgment on on-record metropolitan court appeal. [RP 72] The district court also filed a memorandum

opinion in support of the judgment. [RP 63] Defendant raises two issues on appeal, contending that (1) the facts known to the officer were insufficient to give the officer probable cause to arrest Defendant for DWI; and (2) there was insufficient evidence of impairment due to alcohol and insufficient evidence that Defendant had a breath alcohol content of .08 or higher. [DS 7-8]

{2}     The calendar notice proposed summary affirmance. [CN1] Defendant has filed a memorandum in opposition. [MIO] After due consideration, we affirm.

**DISCUSSION**

{3}     **<u>Issue 1 - Probable Cause to Arrest Defendant.</u>**   In the memorandum, Defendant continues to contend that the totality of the evidence did not support probable cause to arrest Defendant for DWI. [MIO 7-9]  Defendant points out that the officer was called to investigate a domestic disturbance, not a traffic violation, and that the officer observed no traffic violations. [MIO 7-8] Defendant also contends that the clues the officer observed on the FSTs did not show Defendant was impaired because these clues "are simply the officer's very subjective conclusions based on his understanding of some popular science." [MIO 8] We are not persuaded.

{4}     As we discussed in the calendar notice, the officer was dispatched to investigate a domestic dispute, and when the officer arrived at the scene, he found Defendant outside a vehicle that was backed halfway out of a parking space; and  Defendant's

2

wife was lying on the curb. [DS 1-2; MIO 2] While interviewing Defendant, the officer noticed signs of alcohol impairment [MIO 2 ¶ 2], and that Defendant had bloodshot, watery eyes, a strong odor of alcohol emitting from his breath, and some slurred speech. [DS 2; MIO 2] Defendant admitted to drinking three beers. [Id.] Defendant also admitted that he had been operating the vehicle, backing out of the parking space when his wife grabbed the door handle and opened the door, at which point she fell and hit her head. [DS 2] Given this evidence, including the officer's observation of signs of impairment and the physical manifestations of alcohol consumption, as well as Defendant's admissions to drinking and driving, there was no need for the State to present evidence that the officer had observed a traffic violation in order for the officer to reasonably conclude that Defendant was driving a vehicle while impaired by alcohol and, therefore, to further investigate Defendant for DWI.

{5}     The officer observed further evidence of alcohol impairment given Defendant's performance on the FSTs. Contrary to Defendant's assertions in the memorandum, which emphasize Defendant's cooperation, Defendant displayed several behaviors during his performance of the FSTs from which the officer could reasonably conclude that Defendant was driving while impaired by alcohol.  The officer testified that Defendant swayed during the HGN test, nearly fell during the WAT test, swayed during the OLS test, and counted down incorrectly. [DS 3-6; MIO 3-6]

**{6}**     For the reasons set forth in the calendar notice and discussed above, we hold that Defendant's admission to operating the vehicle; his poor performance on the FSTs; his bloodshot, watery eyes, the strong odor of alcohol, his slurred speech; and his admission to drinking; that is, the totality of the evidence presented, provided the officer with probable cause to arrest Defendant for DWI.

**{7}**     **Issue 2 - Insufficient Evidence of Impairment and Breath Alcohol Content of .08 or Higher.**  In the memorandum, Defendant continues to argue that the State did not present sufficient evidence of a per se violation given the margin of error for breath tests and the evidence that Defendant was still in the absorption phase at the time he drove the car. [MIO 10] Defendant also contends that since the evidence was insufficient to provide probable cause for arresting defendant for DWI (Issue 1), the totality of the evidence was not sufficiently compelling to support his conviction. [MIO 11] We are not persuaded.

**{8}**     NMSA 1978, Section 66-8-102(C)(1) (2010) provides that "[i]t is unlawful for . . . a person to drive a vehicle in this state if the person has an alcohol concentration *of eight one hundredths or more* in the person's blood or breath *within three hours of driving the vehicle* and the alcohol concentration results from alcohol consumed before or while driving the vehicle[.]" (emphasis added).

{9} As we discussed in the calendar notice, Defendant failed to preserve the absorption phase argument at trial and therefore it is not preserved for review on appeal. [*See* district court memorandum opinion, RP 71] *See State v. Silva*, 2008-NMSC-051, ¶ 9, 144 N.M. 815, 192 P.3d 1192 ("Where an objection is made without the specificity necessary to call the trial court's attention to the matter complained of, the matter will be deemed unpreserved and ineligible for review."). To the extent that Defendant now argues that the absorption phase argument did not need to be preserved because it relates to the sufficiency of the evidence to support Defendant's conviction [MIO 11, top incomplete ¶], we are unpersuaded.

{10} The evidence of Defendant's alcohol impairment discussed in Issue 1; the evidence that Defendant admitted to drinking and "had just left the establishment where he drank" [MIO 10, bottom ¶]; the evidence that Defendant admitted to driving the vehicle upon leaving the restaurant; the evidence that about one hour had elapsed between Defendant's driving and the BAC tests [DS 6]; and the evidence that the breath test results indicated a BAC of .14/.14 within one hour of driving, results well beyond any alleged margin or error, provide substantial evidence to support Defendant's conviction for DWI impaired to the slightest degree or per se DWI.

**CONCLUSION**

5

{11}  For the reasons set forth in the calendar notice and this memorandum opinion, we affirm Defendant's conviction.

{12}  **IT IS SO ORDERED.**

 

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

 

**RODERICK T. KENNEDY, Chief  Judge**

 

**LINDA M. VANZI, Judge**